## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

                     :

        v.                         1:25-cr-000079 (TSC)

                     :

RAMON ABASS             :

### DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Ramon Abass, the defendant, through undersigned counsel, pursuant to the Fourth Amendment to the United States Constitution, respectfully moves this Honorable Court to suppress the use as evidence at trial, all tangible objects seized as the result of the unlawful search and seizure by officers of the Fifth District Crime Suppression Team of the Metropolitan Police Department ("MPD") on March 14, 2025 at the 1300 block of Orren Street NE Washington D.C.  Mr. Abass requests an evidentiary hearing on this motion.  In support of this motion, counsel submits the following.

### Factual Background

Mr. Abass is charged in a one-count indictment with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  The charge arose out of an incident that occurred on March 14, 2025.

On March 14, 2025, Fifth District Crime Suppression Team officers were driving in a marked police car when they drove past a Nissan Maxima sedan that was turning right onto the 1300 block of Oren St, NE.  Officers saw the left rear passenger door of the car open and an

1

individual person, described as a man with a black jacket, came from the car. He ran north on the 1300 block of Orren St running towards a grey sedan. One officer, Officer Vanniel, gave chase and grabbed Mr. Abass. Meanwhile, Mr. Abass reportedly opened the front passenger door and tried to get inside but the car drove away. The force from Offier Vanniel also apparently prevented Mr. Abass from entering the car. In doing so, the officers reportedly heard a loud metallic sound. A firearm was recovered in the same general location where Mr. Abass attempted to get into the car.

Mr. Abass was placed under arrest for possession of a firearm and searched. 32 pills consistent with the markings of Oxycodone and 4 ½ pills of Xanax were recovered during the search.

The defense anticipates that an evidentiary hearing will establish that when officers approached Mr. Abass, he simply went about his business, as he had every right to do. He was then unlawfully seized without reasonable articulable suspicion or probable cause when Officer Vanriel grabbed his shoulder. Because Mr. Abass was unlawfully seized, all fruits of the unlawful seizure must be suppressed.

<u>**Argument**</u>

At the time that Mr. Abass was stopped, the police did not have a warrant for his arrest or reasonable articulable suspicion for any intrusion. Probable cause is an essential prerequisite to an arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Mr. Abass was seized at the point that the police officers stepped out of their car and grabbed him. *United States v. Edmonds*, 240 F.3d 55, 58 (D.C. Cir. 2001). At that time, the officers had no reason to seize him. He had just left the passenger seat of a car and ran down the street, as he had every right to do.

"[A] person approached [by police] need not answer any question put to him; indeed, he

may decline to listen to the questions at all and may go on his way.  He may not be detained even momentarily without reasonable, objective grounds for doing so; and his refusal to listen or answer does not, without more, furnish these grounds." *Florida v. Royer*, 460 U.S. 491 497-98 (1983).  At the time Mr. Abass was seized, he had done nothing suspicious.  There was no evidence suggesting that he had committed a crime.  *United States v. Green*, 437 F. Supp. 2d 38, 41–42 (D.D.C. 2006) (citing *John Doe v. Metro. Police Dept. of D.C.,* 445 F.3d 460, 469 (D.C.Cir.2006)).  The warrantless seizure of Mr. Abass, therefore, was unlawful.  The evidence seized as a result of the encounter must be suppressed as the fruit of the unlawful seizure of Mr. Abass.  *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

Moreover, the search of Mr. Abass was made without a warrant and without probable cause.  The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted).  Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967).  Here, the police officers did not have a search warrant to search Mr. Abass.  Nor did the police have reasonable articulable suspicion that Mr. Abass was armed and dangerous or committing a crime for which they were permitted to effectuate a stop.  "It is the government's burden to provide evidence sufficient to support

reasonable suspicion justifying any stop." *United States v. Castle*, 825 F.3d. 625, 634 (D.C. Cir 2016) (citations omitted).  Although the interaction with Mr. Abass constituted a seizure, the officers also did not have sufficient cause to conduct a stop and frisk without violating Mr. Abass' constitutional and/or statutory rights. "Under *Terry*, and its progeny, a police officer may perform a protective frisk if he has reason to believe, based on 'specific and articulable facts … taken together with rational inferences from those facts,' that 'he is dealing with an armed and dangerous individual.'" *United States v. Holmes*, 385 F.3d 786, 789 (D.C. Cir. 2004) (quoting *Terry v. Ohio*, 392 U.S. 21, 27 (1968). Here, the officers did not have even arguable reasonable articulable suspicion that Mr. Abass was armed until the police stopped him.

## <u>Conclusion</u>

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Abass respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized on March 14, 2025.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500